IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN GUNBY,**

        **Petitioner,**

        **v.**                          **CASE NO.  12-3021-SAC**

**SAM CLINE,**
**Warden, et al.,**

        **Respondents.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. The filing fee has been paid. Having examined the materials filed, the court finds as follows.

Mr. Gunby was convicted by a jury in Johnson County District Court of First Degree Murder and sentenced on February 7, 2003, to life imprisonment. He directly appealed to the Kansas Supreme Court (KSC), which affirmed on October 27, 2006. Apparently, a motion for rehearing was denied on December 19, 2006.

On October 23, 2007, Mr. Gunby filed a state post-conviction motion pursuant to K.S.A. 60-1507. <u>See</u> <u>Gunby v. State</u>, 228 P.3d 441, 2010 WL 1610396, *1 (Kan.App. 2010). The motion was denied by the district court on September 12, 2008. He appealed to the Kansas Court of Appeals, which affirmed the denial on April 15, 2010. The KSC denied review on January 10, 2011.

**STATUTE OF LIMITATIONS**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

A  1-year  period  of  limitation  shall  apply  to  an

>     application for writ of habeas corpus by a person in
>     custody pursuant to the judgment of a State court.  The
>     limitation period shall run from . . . (A) the date on
>     which the judgment became final by the conclusion of
>     direct review or the expiration of the time for seeking
>     such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).

Having reviewed the procedural history of these state criminal proceedings, the court has determined that Mr. Gunby's conviction became "final" for federal statute of limitations purposes on March 19, 2007, which is 90 days after the KSC's final order on his direct appeal.[1]  The limitations period began running on that date, and ran unimpeded until he filed his state post-conviction motion, which was a tolling action, on October 23, 2007.  By the court's calculations, 217 days of the 365-day limitations period expired before it was tolled by Gunby's 60-1507 motion.

The limitations period continued to be tolled until final action was taken by the state court on Mr. Gunby's 60-1507 motion, which was the denial of his Petition for Review on January 10, 2011.  It began running again on that date, and ran unimpeded until it expired 148 days later on May 30, 2011.  Mr. Gunby executed the instant federal petition on January 4, 2012.  This was over 7 months after the federal one-year statute of limitations had expired.

---

[1] This is because the petitioner had a 90-day period after his motion for rehearing was denied in which he could have filed a petition for certiorari to the United States Supreme Court.  Since he did not seek such review, his state conviction became "final" at the end of that period.

2

Absent entitlement to additional statutory or equitable tolling, this federal habeas action must be dismissed as time-barred.  Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).  Petitioner will be given time to allege facts showing he is entitled to additional statutory tolling or equitable tolling.[2]  The Tenth Circuit recently explained in Hallcy v. Milyard, Case No. 09-1567 (10th Cir. July 19, 2010):

> The Supreme Court has recently affirmed that § 2244(d)'s limitations period is subject to equitable tolling.  Holland v. Florida, 78 U.S.L.W. 4555, No. 09-5327, 2010 WL 2346549, at *9 (U.S. June 14, 2010).  But, in doing so, the Court also affirmed that a habeas petitioner seeking equitable tolling must clear a high hurdle.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at *12 (internal quotation marks omitted);

---

[2]  Equitable tolling is warranted only in "rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808(10th Cir. 2000), *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000).  To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll.  Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220.  The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).
    Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling.  See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001).  Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner.  Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.

3

>accord Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008)("'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (quoting Wallace v. Kato, 549 U.S. 384, 396 (2007))). In light of this high standard, Mr. Hallcy's professed ignorance of the law is not enough to justify the extraordinary remedy of equitable tolling—a proposition implied by the very case that he cites to us. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)(stating that a petitioner's "assertions he is not a lawyer and he was unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to surmount a habeas procedural bar).

Id.

Mr. Gunby is given an opportunity to show that his Petition should not be dismissed as time-barred. If he does not present sufficient facts within the time provided indicating that he is entitled to additional tolling in this case, either by statute or by equitable tolling, then this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4